## Northwest Land & Trust Company v. James C. Lowman et al.

### Gen. No. 4,736.

1. JUDGMENT—*when cannot be amended.* A judgment must follow the pleadings and can only be amended in such manner as to make it conform to the pleadings. An amendment of a judgment by substituting the name of a party who does not otherwise appear in the record, cannot be allowed.

Assumpsit. Appeal from the Circuit Court of Peoria county; the Hon. LESLIE D. PUTERBAUGH, Judge, presiding. Heard in this court at the October term, 1906. Reversed and remanded. Opinion filed March 13, 1907.

ELLWOOD & MEEK and PAGE & WEAD, for appellant.

JAMES A. CAMERON and JOHN S. STEVENS, for appellees.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This is a suit in *assumpsit* begun the seventh day of October, 1905, by Edward W. Lowman, for the use of James C. Lowman, against the Northwest Land and Trust Company. The declaration consisted of the common counts, with a bill of particulars stating that the suit was for "commissions for furnishing purchasers for three thousand acres of land in Canada at one dollar per acre, the names of the purchasers and the exact location of the lands being known to the defendant and unknown to the plaintiff." The defendant filed the general issue. A jury was waived and the cause tried by the court. At the close of plaintiff's evidence the defendant moved for judgment against plaintiff for the reason that the plaintiff had not made out a case. Thereupon the plaintiff made a motion for leave to amend the declaration. Leave was granted the plaintiff to amend the declaration, and an amended declaration was filed

entitled "James C. Lowman and C. F. Morphew, part-
ners, etc., v. Northwest Land and Trust Company; *as-
sumpsit.* Now come James C. Lowman and C. F.
Morphew by leave of court, plaintiffs in this suit, and
complain of the Northwest Land and Trust Company
(incorporated)," etc. The defendant filed an amended
plea of the general issue entitled the same as the
amended declaration. The court rendered judgment
"that the plaintiffs, James C. Lowman and C. F.
Morphew, partners, etc., do have and recover, of and
from the said defendant" in the sum of $1,920 and
costs. From this judgment the defendant appeals.

The evidence does not show that James C. Lowman
ever had any business relations either with C. F.
Morphew or the defendant company, or that he ever
saw Morphew. It is shown that Morphew is a hard-
ware merchant at Magnolia, in Putnam county, and
that Edward W. Lowman is a real estate agent at
Peoria. On the sixth day of September, 1905, Mor-
phew and Edward W. Lowman had an interview at
Edward W. Lowman's office in Peoria in reference to
the sale of Canada lands. Edward W. Lowman in-
troduced Morphew to Watson, the president of the
Northwest Land and Trust Company. Watson stated
that the company paid a commission of one dollar an
acre on the sale of its land. There seems to have been
an arrangement between Morphew and Edward W.
Lowman that said Lowman should go to Magnolia and
be introduced by Morphew to people in that vicinity,
with a view of selling Canada lands without it being
known that Morphew had any interest in the sales.
The evidence shows that some land was sold by Mor-
phew, and Lowman is shown not to have done anything
subsequent to the interview with Watson. The court
admitted evidence, against the objections of defendant,
of whatever sales of Canada land were made in the
vicinity of Magnolia by the defendant company, with-
out requiring proof that the sales were made either
by Morphew or Lowman, and without limiting the

sales to such as were made before October 7, 1905, the day the suit was begun; this was error. If it be conceded that Morphew and Edward W. Lowman were partners, still there cannot be a recovery in this action for any sales made after the beginning of this suit, neither are they entitled to recover for any sales unless the sales were made by or through them. It is a self-evident proposition that plaintiffs must prove that the sales upon which they claim a commission were made through their agency. Appellee has made a motion to have this court "correct the judgment by the substitution of the name Edward W. Lowman for that of James C. Lowman." The plaintiffs are described in the declaration and in the plea as "James C. Lowman and C. F. Morphew." Edward W. Lowman's name does not appear either in the declaration or in the plea. The judgment must follow the pleadings. There is nothing by which this court can amend the judgment. It is one of the essential elements of a judgment that it must adjudicate the rights of the parties to the record. To amend the judgment as suggested would make a variance between the judgment and the pleadings. A judgment may only be amended to make it conform to the record. Black on Judgments, sec 160. The appellee, by a number of propositions of law submitted to the court, asked the court to hold that the plaintiffs could not recover unless the evidence showed there was a joint arrangement between Morphew and James C. Lowman. These were marked refused but should have been held to be the law. The judgment must be reversed and the cause remanded.

*Reversed and remanded.*